UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DALE BALDWIN,

    Petitioner,

v.                                                Case No. 5:11-cv-82-Oc-23TGW

WARDEN, FCC COLEMAN-MEDIUM,

    Respondent.
_____/

**ORDER**

Dale Baldwin petitions (Doc. 1) for the writ of habeas corpus under 28 U.S.C. § 2241. A pro se federal prisoner at the Coleman Federal Correctional Complex, Baldwin challenges a conviction and sentence imposed in United States v. Baldwin, Case No. 8:94-cr-294-T-26TGW, Middle District of Florida, Tampa Division.

Baldwin and six co-conspirators were charged with numerous drug offenses in a twenty-count superceding indictment. (Doc. 93) The following paragraphs in the presentence report describe Baldwin's possession of fifty-three grams of crack cocaine (emphasis original):

> 38.   On September 30, 1994, in front of the Baskins Care, an informant gave $440 to Dale Baldwin for the purchase of a quantity of "crack" cocaine. Baldwin counted the money and handed it to [ ], who delivered **13.7 grams** of "crack" to the informant. This transaction was surveilled and recorded by audiotape and videotape.
>
> 42.   On October 14, 1994, an informant purchased **26 grams** of "crack" cocaine from Dale Baldwin in return for $1,000. The transaction was recorded by audiotape and videotape.

> 49.   . . . On [December 23, 1994,] officers arrested Dale Baldwin at his residence located at 13584 Rena Drive, Largo, Florida, where they discovered 3.3 grams of marijuana, and **13.3 grams** of "crack" cocaine.

The United States filed a notice of four prior convictions for a drug offense (Doc. 126) in violation of Section 841(b)(1)(A), Title 21, United States Code, which, when Baldwin committed each offense, stated:

> [A]ny person who violates subsection (a) of this section shall be sentenced as follows:
>
> (1)(A) In the case of a violation of subsection (a) of this section involving–
>
> . . . .
>
> (iii) 50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base;
>
> . . . .
>
> If any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment . . . .

Because Baldwin's conviction involved more than fifty grams of crack cocaine and because the United States proved two or more prior drug convictions, Baldwin faced mandatory life imprisonment. (Doc. 126) Despite the required sentence, Baldwin waived his right to a jury trial (Doc. 175) and, without the benefit of a plea agreement, pleaded guilty to each count that charged his participation, specifically count one (conspiracy to possess with the intent to distribute cocaine base) and count eight, count eleven, and count twenty (possession with the intent to distribute cocaine base). At sentencing the United States presented evidence of the prior convictions. (Doc. 276) Baldwin received the mandatory life sentence. The Eleventh Circuit affirmed Baldwin's

sentence on direct appeal (Doc. 343), and Baldwin's several subsequent motions under 28 U.S.C. § 2255 were denied.[1]

Baldwin is barred from pursing another Section 2255 motion. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  See Felker v. Turpin, 518 U.S. 651, 664 (1996); Dunn v. Singletary, 168 F.3d 440, 442 (11th Cir. 1999). Baldwin recognizes that he both is precluded from pursuing a second or successive motion without permission from the circuit court and has no permission from the circuit court to file a second or successive motion under Section 2255.

Baldwin attempts to circumvent the preclusion against a second or successive motion by pursuing relief under Section 2241 and invoking Section 2255's "savings clause," which permits relief under Section 2241 if "the remedy by motion [under

---

[1] The late Senior Judge Cook accepted Baldwin's plea and imposed sentence. In denying Baldwin's earlier Section 2255 motion, Judge Cook determined that Baldwin understood that he faced a life sentence. "Further, prior to accepting his plea, the Court, pursuant to F.R.Cr.P. 11(c)(1), specifically advised Baldwin that, by pleading guilty, he faced a possible sentence of life imprisonment, and that, notwithstanding any promises made to him by the government or his counsel, it is the exclusive function of this Court to determine sentence."  (Doc. 367 at 7-8)  The chronology of Baldwin's Section 2255 motions follows:

| Motion Filed | Motion Denied | Orders on Appeal |
| --- | --- | --- |
| 2/23/98  (Doc. 350) | 1/14/99  (Doc. 367) | 9/07/00  COA Denied (Doc. 422) |
| 9/25/01  (Doc. 444) | 9/27/01  (Doc. 446) | 1/24/02  Appeal Dismissed (Doc. 452) |
| 11/29/02  (Doc. 458) | 11/29/02  (Doc. 459) | 6/12/03  COA Denied (Doc. 476) |
| 5/16/03  (Doc. 473) | 5/20/03  (Doc. 474) | 9/30/03  COA Denied (Doc. 486) |

Section 2255] is inadequate or ineffective to test the legality of [the applicant's] detention."  The "savings clause" is inapplicable.

Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999), describes the availability of the "savings clause":

> The savings clause of § 2255 applies to a claim when:  1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal or first § 2255 motion.

Baldwin fails to meet the requirement that his "claim is based on a retroactively applicable Supreme Court decision."  The cases Baldwin cites are either factually distinguishable or inapplicable.[2]  Baldwin fails to meet the requirement that a "Supreme Court decision establishes [that he] was convicted for a nonexistent offense."  Baldwin's primary argument is that, because the indictment fails to charge a specific drug quantity, the court erred in basing the sentence on the drug quantity.  But Baldwin's guilty plea waived a specificity argument to the indictment.  Tollett v. Henderson, 411 U.S. 258, 267 (1973), holds that a guilty plea waives a non-jurisdictional defect:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

---

[2] For example, Baldwin erroneously relies on United States v. O'Brien, ___ U.S. ___, 130 S. Ct. 2169 (2010).  The only statute at issue in O'Brien is 18 U.S.C. § 924(c), which relates to the criminal offense of using or carrying a firearm in relation to a crime of violence or a drug trafficking crime.  O'Brien holds that the "machine gun provision" of that statute, which mandates a thirty-year minimum sentence for the use of a machine gun in relation to a relevant crime, constitutes an element of an offense rather than a sentencing factor.  Baldwin shows neither O'Brien's retroactivity nor its applicability to his facts.

This waiver of rights precludes most challenges to the conviction. See e.g., United States v. Patti, 337 F.3d 1217, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings."), and Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained.").

Baldwin's guilty plea precludes his "fundamental miscarriage of justice" and "actual innocence" arguments, which requires a showing that new evidence compels a finding of not guilty. See e.g., House v. Bell, 547 U.S. 518, 538 (2006) ("A petitioner's burden . . . is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt."), and Bousley v. United States, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.") Baldwin admitted in his first Section 2255 motion that "for all intents and purposes, the government had a virtual iron-clad case" against him. (Doc. 350) And Baldwin's argument that he is actually innocent of the sentence is precluded by Gilbert v. United States, 640 F.3d 1293, 1322-23 (2011) (en banc) ("Gilbert III"), which rejects expanding "the Sawyer [v. Whitley, 505 U.S. 333 (1992)], actual innocence of sentence exception" beyond death penalty cases. Baldwin's sentence is more than fifteen years old. Gilbert III recognizes that "finality of judgment and the important interests that

finality promotes" cautions against examining a sentence that was correctly calculated when imposed even though subsequent interpretations of the guidelines would now require a different sentence.  640 F.3d at 1295.

Finally, Baldwin argues that a change to the sentencing guideline and a statutory change supports a challenge to his crack cocaine sentence.  A petitioner may obtain permission to file a second or successive motion to vacate if the new motion is based on a retroactively applicable statutory or guideline change or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2).  But, as stated above, Baldwin must obtain the required permission from the circuit court.

Accordingly, the Section 2241 petition (Doc. 1) is **DISMISSED.**  The clerk shall enter judgment against Baldwin and close this case.

ORDERED in Tampa, Florida, on August 24, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE